David D. BOCOCK, Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 11205.

United States Court of Appeals
Seventh Circuit.

Nov. 3, 1954.

David D. Bocock, in pro. per.

Jack C. Brown, U. S. Atty., Indianapolis, Ind., Stephen Leonard, Asst. U. S. Atty., Anderson, Ind., William H. Sparrenberger, Asst. U. S. Atty., Robert J. Wilson, Asst. U. S. Atty., Indianapolis, Ind., for appellee.

Before MAJOR, FINNEGAN and LINDLEY, Circuit Judges.

LINDLEY Circuit Judge.

Defendant and two others were charged in an indictment in two counts (1) with procuring another to pass counterfeit currency with intent to defraud in violation of 18 U.S.C. § 472, and (2) with conspiring to pass counterfeit money in violation of 18 U.S.C. § 371. The trial by jury having resulted in a verdict of guilty on both counts, November 13, 1952, the court entered judgment imposing a sentence of five years imprisonment on Count I and three years on Count II, the latter to run consecutively to that imposed on Count I. The pertinent facts are more fully related in United States v. Hack, 7 Cir., 205 F.2d 723, certiorari denied 346 U.S. 875, 74 S.Ct. 127, in which we sustained the conviction, on direct appeal, of one of Bocock's co-defendants.

On February 27, 1954, defendant filed a petition under 28 U.S.C. § 2255 to modify and correct the judgment, on the ground that he had been twice convicted of the same offense. As we have observed, Count I charged procurement to pass a specified counterfeit note. Count II, charging conspiracy to pass counterfeit currency, averred, as one of the overt acts done pursuant to the alleged conspiracy, the passing of the same counterfeit note specified in the substantive count. Defendant's position is that since the same evidence on this point was utilized for his conviction on

**466**

each count, the conspiracy was merged in the substantive offense

The District Court denied the petition on its finding that the record conclusively showed that defendant was entitled to no relief. The correctness of this ruling is the only question before us for review.

■ A complete answer to defendant's averment of double jeopardy is found in Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489, in which the Supreme Court held that conspiracy to commit a substantive offense and the actual commission of such offense are separate and distinct offenses, and that a plea of double jeopardy is of no avail. We need not repeat what the Court there said, except to quote from its opinion, 328 U.S. at page 644, 66 S.Ct. at page 1182: "Moreover, it is not material that overt acts charged in the conspiracy counts were also charged and proved as substantive offenses. * * * 'If the overt act be the offense which was the object of the conspiracy, and is also punished, there is not a double punishment of it.' The agreement to do an unlawful act is even then distinct from the doing of the act." In Nye & Nissen v. United States, 336 U.S. 613, at page 619, 69 S.Ct. 766, at page 770, 93 L.Ed. 919, the Court added: "The fact that some of the evidence [on the substantive counts] may have served double duty by also supporting the charge of conspiracy is of course immaterial." These decisions furnish a complete answer to defendant's contentions. United States v. Katz, 271 U.S. 354, 46 S.Ct. 513, 70 L.Ed. 986, on which defendant relies is inapposite.

■ The finding below that the defendant was entitled to no relief was the only correct one and the petition was properly dismissed. Klein v. United States, 7 Cir., 204 F.2d 513; United States v. Spadafora, 7 Cir., 200 F.2d 140, certiorari denied 340 U.S. 897, 71 S.Ct. 234, 95 L.Ed. 650.

The judgment is

Affirmed.