UNITED STATES of America,
Plaintiff-Appellee,

v.

Giulio BRUNI, Defendant-Appellant.

No. 15256.

United States Court of Appeals
Seventh Circuit.

April 20, 1966.

Rehearing Denied May 17, 1966.

Joseph I. Bulger, Chicago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., John Peter Lulinski, John Powers Crowley, Lawrence E. Morrissey, Asst. U. S. Attys., Chicago, Ill., Lawrence Jay Weiner, Erwin I. Katz, Asst. U. S. Attys., of counsel, for appellee.

Before DUFFY, CASTLE and KILEY, Circuit Judges.

DUFFY, Circuit Judge.

The indictment in this case contained four counts. Count 1 charged defendant and others with conspiring from July to September 1964, to make, forge and counterfeit with intent to defraud, $3,-000,000 in $5 and $10 currency of the United States, in violation of Title 18, U.S.C. § 471. This count alleged certain overt acts in furtherance of the conspiracy, including the purchase of a certain type of paper, and a printing press.

Count 2 charged that on or about August 3, 1964, defendant and others were unlawfully in possession of metal printing plates which bore the impression of $5 and $10 United States currency, in violation of Title 18, U.S.C. § 474.

Count 3 charged defendant and certain co-defendants and co-conspirators with unlawfully conspiring to pass forged and counterfeit obligations of the United States with intent to defraud in violation of Title 18, U.S.C. § 472.

Count 4 charged defendant with having possessed and concealed counterfeit $20 Federal Reserve notes at his residence in River Forest, Illinois, in violation of Title 18, U.S.C. § 472.

Defendant waived trial by jury. A plea of double jeopardy on behalf of Giulio Bruni was filed, argued and overruled. At the close of all of the evidence, motions of acquittal were filed by defendants Giulio Bruni and Fulvio Smaldone. Smaldone's motion was granted and he was found not guilty. Bruni's motion was denied and he was found guilty as charged in the indictment.

In connection with the plea and arguments claiming double jeopardy, frequent mention is made of the "Milwaukee Case" wherein defendant Giulio Bruni and others were indicted and tried in the Eastern District of Wisconsin.

Count 1 of the indictment in the Milwaukee Case charged Bruni with having conspired to violate Title 18, U.S.C. § 472, but this count was dismissed prior to the trial.

Counts 2 and 3 charged Bruni with having passed and uttered, on September 13, 1964, falsely made and counterfeit Federal Reserve Bank Notes at Lowell and Astico, Wisconsin.

Counts 4, 5 and 6 were charges against co-defendant John G. Johnson who, after being granted a separate trial, entered a plea of guilty and testified for the government in defendant Bruni's trial.

In the Milwaukee Case, the jury found defendant Bruni guilty on both counts 2 and 3. He was sentenced to imprisonment for five years on each count, but the sentences were to be concurrent. He also was assessed a total fine of $10,000. On appeal to this Court, the judgment of conviction was affirmed. United States of America v. Giulio Bruni, 7 Cir., 359 F.2d 807 (March 18, 1966).

In the instant case, defendant argues that the government failed to prove his guilt beyond a reasonable doubt. He also attacks the testimony of co-conspirator Johnson and the secret service agents who searched the Bruni house. The agents testified they found two counterfeit notes in a cabinet in the Bruni home. Defendant says this testimony "is of a doubtful and unreliable nature."

▮ It is, of course, fundamental that the evidence herein must be viewed in the light most favorable to the government. Furthermore, this Court has repeatedly refused to weigh the credibility of witnesses or the weight of their testimony on controverted issues of fact. United States v. Mims, 7 Cir., 340 F.2d 851.

The only issue raised by defendant that merits any discussion is the claim that his conviction in the Milwaukee Case bars the instant prosecution and conviction on the ground of double jeopardy.

As hereinbefore indicated, the conspiracy charge in count 1 of the indictment in the Milwaukee Case was dismissed prior to the trial. Defendant Bruni was convicted only as to counts 2 and 3 of that indictment. Both of these counts charged substantive offenses of passing counterfeit Federal Reserve Bank Notes on September 13, 1964, at Lowell, Wisconsin and at Astico, Wisconsin.

In Pereira v. United States, 347 U.S. 1, 11, 74 S.Ct. 358, 364, 98 L.Ed. 435, the Supreme Court stated: "It is settled law in this country that the commission of a substantive offense and a conspiracy to commit it are separate and distinct crimes, and a plea of double jeopardy is no defense to a conviction for both."

Defendant insists that since the same general testimony was adduced in both cases, his plea of former jeopardy must be sustained. He argues that the government having made a choice to try him in the Milwaukee district, should be estopped from further prosecution.

▮ Pertinent is the statement of the Court in United States v. Kramer, 2 Cir.,

(1961) 289 F.2d 909, 913—"Offenses are not the same for purposes of the double jeopardy clause simply because they arise out of the same general course of criminal conduct; they are the 'same' only when 'the evidence required to support a conviction upon one of them (the indictments) would have been sufficient to warrant a conviction upon the other'. * * *"

■ We hold the conviction of Bruni for the two substantive offenses in the Milwaukee Case does not bar his conviction in the instant case. See United States v. Jones, 7 Cir., 334 F.2d 809, cert. den. 379 U.S. 993, 85 S.Ct. 707, 13 L.Ed. 2d 613; Bocock v. United States, 7 Cir., 216 F.2d 465; United States v. Thomas, 6 Cir., 342 F.2d 132.

There is some uncertainty as to the terms of the sentence in the instant case. On pages 1262 and 1263 of the transcript of proceedings, the trial court, in the presence of the defendant, stated "The Court: He (Bruni) will be remanded to the custody of the Attorney General for a term of five years to run concurrently with the sentence imposed by Judge Grubb in the Eastern District of Wisconsin."

In the judgment of conviction which was thereafter filed, it is stated that the defendant is committed for a period of five years, but there is no statement as to the sentence being concurrent with the sentence imposed in the Milwaukee Case. This change, which probably was inadvertent, should have the attention of the District Court upon remand.

As the conviction below was not barred by the rule of double jeopardy, and as no prejudicial error was committed by the trial court, the judgment of conviction is affirmed with suggestions to the District Judge, upon remand, to reconcile the provisions in the judgment of conviction with the statement made by the Court in defendant's presence at the time of sentencing.

Affirmed.