Herman **HARRIS**, Appellant,

v.

**UNITED STATES of America,** Appellee.

No. 21462.

United States Court of Appeals District of Columbia Circuit.

Argued July 25, 1968.

Decided Sept. 11, 1968.

---

Mr. Donald O. Lincoln, Washington, D. C., (appointed by this court) for appellant.

Mr. Lawrence Lippe, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and Geoffrey M. Alprin, Asst. U. S. Attys., were on the brief, for appellee.

Before BURGER, McGOWAN and TAMM, Circuit Judges.

BURGER, Circuit Judge:

This is an appeal from a conviction for assaulting a police officer. 22 D.C.Code § 505(a) (1967). Appellant claims that a prior conviction for disorderly conduct, 22 D.C.Code § 1107 (1967), constituted a bar to the prosecution for assault.

In the course of a police officer's attempt to arrest Appellant for uttering obscene phrases, Appellant forcibly resisted, and a scuffle ensued in which Appellant injured the officer—one wound requiring nine stitches. Appellant's claim that a prosecution for assaulting the police officer constitutes double jeopardy rests on the circumstance that one part of the Government's case on assault was evidence of the disorderly conduct, an offense for which Appellant has already been convicted. However, the existence or showing of facts common to both charges and the introduction of some of the same evidence in the second prosecution does not mean that Appellant has been unconstitutionally tried for identical offenses. *E. g.*, Morgan v. De-vine, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153 (1915); Gavieres v. United States, 220 U.S. 338, 31 S.Ct. 421, 55 L.Ed. 489 (1911).

The offense of assaulting a police officer by striking and biting him is not the same offense as conduct based on the use of profanity, even though both occurred in a relatively short span of time and at the same place. *See, e. g.,* Moreland v. State, 125 Ark. 24, 188 S.W. 1 (1916); People v. Weinstein, 157 Misc. 183, 283 N.Y.S. 150 (Ct.Sp.Sess.N.Y.C.1935). Although some of the same evidence may have been an ingredient as to certain elements of each offense, it is abundantly clear that two separate statutes were violated by Appellant's separate acts. The prohibition of each statute reaches different interests and has different elements of proof. Here the evidence of the disorderly conduct was simply background matter to place the events of the assault in their setting. *Cf.* Gore v. United States, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958); Martinis v. Supreme Court, 15 N.Y.2d 240, 258 N.Y.S.2d 65, 206 N.E.2d 165 (1965). See also Irby v. United States, 129 U.S. App.D.C. 17, 390 F.2d 432 (1967 en banc).

Affirmed.