**UNITED STATES of America,
Plaintiff,**

**v.**

**Frederick Joseph CHASE et al.,
Defendants.**

**No. 69 CR 364.**

United States District Court,
N. D. Illinois, E. D.

Feb. 24, 1970.

Thomas A. Foran, Chicago, Ill., for plaintiff.

Patrick J. Hughes, Jr., Chicago, Ill., for Gian Fillippo Pietra.

William C. Cunningham, Chicago, Ill., for Joseph Edward Mulligan, Frederick Joseph Chase, John Alfred Loll, Charles Thomas Smit, and William Patrick Sweeney.

Anthony P. Locricchio, St. Clair Shores, Mich., for William Anthony Durkin, Charles George Fullenkamp, Edward Augustine Gargan, Edward Charles Hoffmans, Margaret Ann Katroscik, Charles Louis Muse, Linda J. Quint, and Nicholas J. Riddell.

No attorney for John J. Phillips.

## MEMORANDUM AND ORDER ON DEFENDANTS' PRETRIAL MOTIONS

ROBSON, District Judge.

This indictment arises out of the ransacking of the Selective Service Area South Headquarters, Local Boards 48 and 60 through 92, located at 2355 West 63rd Street, Chicago, Illinois, on May 25, 1969. The fifteen defendants [1] herein are charged in Count I of a four-count indictment with damage to government property exceeding $100 in value, in violation of 18 U.S.C. § 1361. Count II charges the defendants with removal, mutilation, and destruction of government records and documents, in violation of 18 U.S.C. § 2071. Count III charges the defendants with hindering and interfering by force and violence with the administration of the Military Selective Service Act of 1967, in violation of 50 U.S.C. App. § 462(a). Count IV charges the defendants with conspiring to commit the offenses contained in the three substantive counts, and alleges that five overt acts were committed in furtherance of the conspiracy. 18 U.S.C. § 371. The conspiracy count also alleges that as a part of the conspiracy " . . . the defendants would contact certain news reporters and notify them to be at certain times in certain places in order to obtain a story of significance." The defendants have moved this court to dismiss the indictment, for recusation of the trial judge, for a lengthy continuance of the trial date, and for disclosure of any electronic surveillance pertaining to this case. For the reasons set forth below, this court is of the opinion the motions should be denied in part and granted in part. This court further finds it necessary to enter an order on its own motion to insure a trial free of prejudicial publicity.

---

1. The defendants John J. Phillips, Gian Fillippo Pietra, and Charles Thomas Smit are at present fugitives, and bench warrants are outstanding for their arrests.

## MOTION TO DISMISS THE INDICTMENT

■ The defendants first assert that the indictment should be dismissed on the grounds that it is vague, indefinite and states conclusions rather than facts. However, a reading of the indictment indicates that is not the case. Each count employs the relevant statutory language, and sets forth the time, place, offense charged, and names of the individuals accused. Count IV alleges a conspiracy to commit the offenses charged in the three other counts. It is alleged in Count IV that the defendants contacted newspaper personnel and committed five other overt acts in furtherance of the conspiracy to commit the offenses specified in the three substantive counts. The overt acts alleged explain the nature of the conspiracy, and include preparations allegedly made by named defendants in furtherance of the conspiracy. A conspiracy count is sufficient if it identifies the offenses which the defendants allegedly conspired to commit. United States v. Kahn, 381 F. 2d 824, 829 (7th Cir. 1967), cert. den. 389 U.S. 1015, 88 S.Ct. 591, 19 L.Ed.2d 661 (1967), reh. den. Sachs v. United States, 392 U.S. 948, 88 S.Ct. 2272, 20 L.Ed.2d 1413 (1968). The indictment plainly and concisely sets forth the essential facts constituting the offenses charged, and therefore meets the standards of Rule 7(c), Federal Rules of Criminal Procedure.

■ The defendants further contend that Counts I and II charge the same offense. Count I charges willful damage to government property, and that the damage exceeds $100 in value, in violation of 18 U.S.C. § 1361. Count II charges willful removal, mutilation, and destruction of government documents and records, in violation of 18 U. S.C. § 2071. The defendants assert that the Government should elect to proceed under only one of these two counts. However, offenses are not the same for purposes of double jeopardy simply because they arise out of the same general course of criminal conduct. United

States v. Bruni, 359 F.2d 807, 809 (7th Cir. 1966), cert. den. 385 U.S. 826, 87 S. Ct. 59, 17 L.Ed.2d 63 (1966); United States v. DeSapio, 299 F.Supp. 436 (S.D. N.Y.1969). Offenses are identical only when the evidence required to support a conviction upon one of them would be sufficient to warrant a conviction upon the other. United States v. Bruni, *supra;* United States v. Friedland, 391 F. 2d 378, 381 (2nd Cir. 1968). Evidence proving removal, mutilation or destruction of government records and documents would not necessarily be sufficient to prove damage to government property exceeding $100 in value. Nor would the converse be true. Therefore, Count I and Count II do not allege the "same" offense.

■ The defendants assert that offenses set forth in the Selective Service Act preempt general offenses against government property and documents. Based upon this assumption, the defendants conclude that indictment for the offense of interfering with the administration of the Selective Service Act necessarily precludes indictment for damage to the property of a Selective Service office or for the removal, mutilation or destruction of Selective Service records. However, the offense of interference with the administration of the Selective Service Act requires proof of facts not necessary to show damage to government property, nor to show removal, mutilation or destruction of government records or documents. Therefore, Count III alleges an offense separate and distinct from those alleged in Counts I and II. Joinder of these offenses in separate counts is proper under Rule 8(a), *Federal Rules of Criminal Procedure,* since the offenses alleged arose out of a series of connected acts. Furthermore, joinder in one indictment of offenses arising out of the three particular statutes involved here is a common practice. See Tillman v. United States, 406 F.2d 930 (5th Cir. 1969); United States v. Moylan, 417 F.2d 1002 (4th Cir. 1969); United States v. Eberhardt, 417 F.2d 1009 (4th Cir. 1969).

█ Count IV of the indictment charges the defendants with conspiring to commit the substantive offenses alleged in the other three counts. The general conspiracy provision, 18 U.S.C. § 371, is invoked. The defendants contend that in a conspiracy charge involving an offense under the Selective Service Act, only the conspiracy section of that Act, 50 U.S.C. App. § 462(a), is applicable. It is further asserted by the defendants that a person may not be charged with both a substantive offense and conspiracy under the Selective Service Act. The defendants do not give any basis for this conclusory allegation, other than the fact that the conspiracy provision is expressed disjunctively from the substantive offenses contained in 50 U.S.C. App. § 462(a). However, all the substantive offenses contained in Section 462(a) are listed in the disjunctive. There is no reason in law why separate offenses, composed of varying elements, cannot be charged in different counts merely because they are contained disjunctively in the same statute. Commission of one offense does not offer immunity from prosecution for other offenses because they are all contained in the same statute. It is a well-established principle that substantive and conspiratorial acts are separate and distinct offenses. *United States v. Jones*, 334 F.2d 809, 811 (7th Cir. 1964), cert. den. 379 U.S. 993, 85 S.Ct. 707, 13 L.Ed.2d 613 (1965). Therefore, the defendants' conclusion that they may not be charged with both conspiring to interfere with the administration of the Selective Service Act and with committing the substantive offense itself is without merit. Furthermore, the conspiracy section of Section 462(a) applies only to offenses contained in that section. *Cf.* Singer v. United States, 323 U.S. 338, 65 S.Ct. 282, 89 L.Ed. 285 (1945). The conspiracy alleged in Count IV involves two statutory offenses not proscribed by the Selective Service Act, i. e., 18 U.S.C. § 1361 and 18 U.S.C. § 2071, and therefore the conspiracy provision of Section 462(a) is inapplicable. For these reasons, this court concludes that the general conspiracy provision, 18 U.S.C.A. § 371, is appropriate and Count IV is legally sufficient. The motion to dismiss the indictment is denied.

## MOTION FOR "RECUSATION OF THE TRIAL JUDGE"

█ The defendants move for "recusation of the trial judge" pursuant to 28 U.S.C § 455. The motion charges that this court "is so related to and connected with counsel for the United States, the plaintiff herein, so as to render it improper for him to sit as trial judge" in this matter. In support of this conclusion, the defendants rely upon contempt citations issued by this court against two spectators present in the courtroom on June 5, 1969, the day upon which the defendants were arraigned. The spectators, Joanne Malone and Patricia Kennedy, were self-declared supporters of the defendants in this case. The contemner Malone demonstrated and expressed her contempt not for this court personally, but rather for courts in general. On February 10, 1970, the same Joanne Malone was convicted upon three counts of burglary and malicious destruction of property belonging to the Dow Chemical Company. United States v. Meyer et al., United States District Court for the District of Columbia, Criminal Case No. 872–69, the Honorable John H. Pratt presiding. Three defendants and one of the attorneys were cited and sentenced for direct contempt of court at the conclusion of that trial.

The motion for recusation is replete with errors of fact which are a matter of record. Contrary to the defendants' allegation, neither the particular Assistant United States Attorney named by the defendants, nor any other Assistant United States Attorney for that matter, was present in the courtroom during either of the two incidents involved in the contempt citations. One incident occurred at the opening of court, and the other occurred late the same morning during the trial of a patent case. See *United States ex rel. Robson v. Malone*

et al., No. 69 CR 379. However, an Assistant United States Attorney was present during the summary contempt hearing and sentencing on the afternoon of June 5, 1969. The record also discloses the same Assistant United States Attorney appeared on behalf of the Government during the arraignment and plea the same day in the instant case. This court does not know whether that particular Assistant United States Attorney or another will appear at trial on behalf of the Government in this case. Nevertheless, that fact is irrelevant for purposes of this motion.

At the sentencing of the contemners in the *Malone* case, the court directed the *office* of the United States Attorney to prepare the appropriate certificate of contempt, as required by Rule 42(a), Federal Rules of Criminal Procedure. The court did not "retain" the Assistant United States Attorney as "counsel." Upon failure of the particular Assistant United States Attorney named by the defendants in their motion to timely prepare an adequate certificate, and in view of the fact that the United States Court of Appeals for the Seventh Circuit was awaiting certification because of a pending appeal, the court itself prepared the certificate of contempt, contrary to the defendants assertion of "fact." Pursuant to statutory duty under 28 U.S.C. § 519, the record indicates that the United States Attorney and an Assistant United States Attorney *other than the one named by the defendants* appeared on behalf of the court for purposes of the appeal. United States ex rel. Robson v. Malone et al., 412 F.2d 848, 849 (7th Cir. 1969). The court did not personally retain counsel, nor did it ever consult with the particular Assistant United States Attorney named by the defendants as its "attorney." The *office* of the United States Attorney discharged its statutory duty in the *Malone* case to prosecute an appeal upon a criminal conviction. It cannot be said in any sense that an attorney-client relationship existed between the Assistant United States Attorney named by the defend-

ants and this court. *E. g.*, General Tire & Rubber Co. v. Watkins, 363 F.2d 87 (4th Cir. 1966), cert. den. 385 U. S. 899, 87 S.Ct. 204, 17 L.Ed.2d 131 (1966); Popkin v. Eastern Air Lines, Inc., 236 F.Supp. 645 (E.D.Pa.1964). Furthermore, neither the parties nor the offenses involved in the *Malone* case and the instant matter are the same. The motion for "recusation" is frivolous and is therefore denied.

MOTION FOR DISCLOSURE OF ELECTRONIC EAVESDROPPING

■ The defendants move for disclosure of any electronic surveillance pertaining to this case. The Government has responded that it would conduct an investigation in order to determine whether any such surveillance was made of these defendants. The Government is directed to disclose the result of that investigation.

MOTION FOR A CONTINUANCE OF TRIAL

The defendants move this court to continue the setting of this matter for trial to a date not earlier than December 16, 1970, on the grounds that prejudice against them engendered by the news media precludes a fair trial. The defendants further assert that a change of venue would be inadequate "because certain aspects of the coverage by the media has [sic] been nationwide." The defendants have appended reproductions of a number of newspaper articles to their motion. Some of the articles are taken from The Milwaukee Sentinel, The Detroit Free Press, The Daily Iowan, The Minneapolis Tribune, The Wenonah News, The New York Times, and others. In addition, the defendants included a considerable number of articles pertaining to events in no way related to the offenses or individuals involved in this case. For purposes of this motion, articles unrelated to this case and these defendants are irrelevant, as are references to newspapers not commonly circulated or distributed within the Northern District of Illinois.

■ The events alleged in the indictment occurred on May 25, 1969. Most of the news articles relating to these defendants and the offenses charged in the indictment only appeared within a few days thereafter. The last date upon which any article pertaining to these defendants appeared in a Chicago newspaper was on June 6, 1969, in Chicago Today. Nearly a year will have elapsed between the appearance of these articles and trial. The existence of any lingering prejudicial effects of the limited adverse publicity involved here is properly ascertainable by the court during *voir dire* examination of prospective jurors. Margoles v. United States, 407 F.2d 727 (7th Cir. 1969), cert. den. 396 U.S. 833, 90 S.Ct. 89, 24 L.Ed.2d 84 (1969); Gawne v. United States, 409 F.2d 1399 (9th Cir. 1969).

■ The defendants also complain that prejudicial confusion is likely to result if they are tried simultaneously with a widely-publicized trial in this District, United States v. Dellinger et al., No. 69 CR 180. However, this contention is moot since that trial has terminated.

Furthermore, the record discloses that this court has on numerous occasions given the defendants extensions of time far beyond the latitude provided by the local rules for filing motions and briefs. This court has never denied any of the defendants' motions for additional time. Yet, the court must not overlook the explicit statutory directive set forth in the Selective Service Act requiring that charges of interference with its administration be given precedence over all other matters on the court's docket. 50 U. S.C. App. § 462(a). For these reasons, the motion for a lengthy continuance is denied.

### FUTURE PREJUDICIAL PUBLICITY

■ Some of the newspaper articles appended to the defendants' brief in support of the motion for a continuance indicate that the defendants *sought* publicity by such activities as contacting the press and issuing statements and press releases. The court has the affirmative duty to take preventive measures in order to avert prejudicial pretrial publicity. Sheppard v. Maxwell, 384 U.S. 333, 363, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966). Public utterances by parties or counsel while a criminal matter is pending are not compatible with the concept of a fair trial since such conduct creates a reasonable likelihood of prejudicial outside influence upon the trial. It is fundamental to our system of constitutional democracy that issues of law and fact in a criminal proceeding be resolved in the courts, and not in the news media nor in the streets. The court therefore may restrict extrajudicial statements concerning a pending criminal case by parties, counsel, witnesses, and court personnel. Sheppard v. Maxwell, *supra;* United States v. Tijerina, 412 F.2d 661 (10th Cir. 1969), cert. den. 396 U.S. 843, 90 S.Ct. 76, 24 L.Ed.2d 93 (1969). This court takes judicial notice of the fact that one of the attorneys in this case, William C. Cunningham, was co-counsel in a similar case arising out of a raid upon a Selectrice Service office in Catonsville, Maryland. United States v. Moylan, 417 F.2d 1002 (4th Cir. 1969). Also counsel of record in the appeal of the *Moylan* case was one William M. Kunstler, who has repeatedly and brazenly transgressed the local rules of this District Court, the Canons of Professional Ethics, and the spirit of the *Sheppard* decision by continuous inflammatory public statements concerning jurors, witnesses, evidence, the judge, and rulings by the court throughout the course of the trial in United States v. Dellinger et al., No. 69 CR 180. Kunstler's activities in generating prejudicial publicity while at the same time appearing as an officer of the court were particularly reprehensible in view of the fact that he was counsel for the petitioner during the *Tijerina* appeal to the Supreme Court of the United States. In the *Tijerina* case, the United States Court of Appeals for the Tenth Circuit upheld, and the Supreme Court declined to re-

view, a contempt conviction of a defendant in a criminal case who made an inflammatory extrajudicial speech while he was on trial, in violation of the trial judge's orders. From his familiarity with the *Tijerina* case, Kunstler well knew the potential damage to the legal processes which inflammatory extrajudicial statements during the pendency of a controversial case by an interested party or counsel are likely to cause. Counsel in this case is experienced with the problems inherent in a case involving controversial issues and defendants. From his association with Kunstler, he should also be aware of the irreparable damage wrought to our legal system and to the dispassionate rule of law which occurs when counsel and parties engage in a strategy designed to inflame public passion and prejudice. Such misconduct destroys one or both parties' right to trial in the calm and serene atmosphere which the Supreme Court directed trial judges to maintain in the *Sheppard* decision. Pursuant to its responsibilities under *Sheppard*, this court is entering an order on its own motion to insure the impaneling of a fair and impartial jury, and a trial free from prejudicial influences.

## ORDERS

It is therefore ordered that the motion to dismiss the indictment, the motion to recuse the trial judge, and the motion for a continuance be, and they are hereby denied.

It is further ordered that the motion for disclosure of electronic eavesdropping pertaining to this case be, and it is hereby granted.

It is further ordered that counsel for both the Government and the defendants, as well as each and every defendant herein, make or issue no statements, written or oral, either at a public meeting or occasion, or for public reporting or dissemination in any fashion, regarding the jury or jurors in this case, prospective or selected, the merits of the case, the evidence, actual or anticipated, the witnesses, or the rulings of the

court. This order shall remain in force during the pendency of this action in this court. No person covered by this order shall avoid its proscriptions by actions which indirectly, but deliberately, cause a violation of this order. Violation of this order subjects the transgressor to appropriate sanctions by the court.