Frederick Joseph CHASE et al.,
Petitioners,

v.

Honorable Edwin A. ROBSON, Judge,
United States District Court for the
Northern District of Illinois, Respondent.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Frederick Joseph CHASE et al.,
Defendants-Appellants.

Nos. 18424, 18417.

United States Court of Appeals,
Seventh Circuit.

May 1, 1970.

On Petition for Writ of Mandamus
and Prohibition in No. 18417

May 1, 1970.

Patrick J. Hughes, Jr., William C. Cunningham, Chicago, Ill., Anthony P. Locricchio, Clair Shores, Mich., for Chase et al.

Thomas A. Foran, U. S. Atty., Chicago, Ill., for Judge Robson.

Marc R. Kadish, Rene C. Hanover, Frank A. Anglin, Jr., Chicago, Ill., amici curiae.

Before SWYGERT, Chief Judge, and KILEY and KERNER, Circuit Judges.

ORDER

PER CURIAM.

The above matter comes before this court on a petition for writ of mandamus and prohibition, or in the alternative, as an appeal from an order below, 309 F.Supp. 430. The petitioners, Frederick Joseph Chase, et al., are the defendants in a criminal case No. 69 CR 364 pending before the respondent, United States District Judge Edwin A. Robson, and scheduled to begin trial on May 4, 1970. The petitioners are charged in a four-count indictment with injury and depredation of files, records and documents located at a Chicago selective service area headquarters; removal, mutilation and destruction of selective service registration cards; interference with the administration of the Selective Service Act by removal and destruction of records; and conspiracy to injure and commit depredations against government property.

The above matter arises from a *sua sponte* order issued by the Honorable Edwin A. Robson at the time of the pretrial motions in the case of United States of America v. Frederick Joseph Chase et al. The *sua sponte* order in pertinent part provides:

"It is further ordered that counsel for both the Government and the defendants, as well as each and every defendant herein, make or issue no statements, written or oral, either at a public meeting or occasion, or for public reporting or dissemination in any fashion, regarding the jury or jurors in this case, prospective or selected, the merits of the case, the evidence, actual or anticipated, the witnesses, or the rulings of the court. This order shall remain in force during the pendency of this action in this court. No person covered by this order shall avoid its proscriptions by actions which indirectly, but deliberately, cause a violation of this order. Violation of this order subjects the transgressor to appropriate sanctions by the court." /S/ Edwin A. Robson, February 24, 1970.

The petitioners challenge this order as unconstitutionally overbroad and violative of their first amendment rights of freedom of speech.

From the full text of Judge Robson's order it appears that the order is based on the following:

(1) "Some of the newspaper articles appended to the defendants' brief in support of the motion for a continuance indicate that the defendants sought publicity by such activities as contacting the press and issuing statements and press releases. The court has the affirmative duty to take preventive measures in order to avert prejudicial pre-trial publicity."

(2) "Public utterances by parties or counsel while a criminal matter is pending are not compatible with the concept of a fair trial since such conduct creates a reasonable likelihood of prejudicial outside influence upon the trial. It is fundamental to our system of constitutional democracy that issues of law and fact in a criminal proceeding be resolved in the courts, and not in the news media nor in the streets. The court therefore may restrict extrajudicial statements concerning a pending criminal case by parties, counsel, witnesses, and court personnel."

(3) "This court takes judicial notice of the fact that one of the attorneys in this case, William C. Cunningham, was co-counsel in a similar case arising out of a raid upon a Selective Service office in Catonsville, Maryland. United States v. Moylan, 417 F.2d 1002 (4th Cir. 1969). Also counsel of record in the appeal of the *Moylan* case was one William M. Kunstler, who has repeatedly and brazenly transgressed the local rules of this District Court, the Canons of Professional Ethics, and the spirit of the *Sheppard* decision [Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600] by continuous inflammatory public statements concerning jurors, witnesses, evidence,

the judge, and rulings by the court throughout the course of the trial in United States v. Dellinger et al., No. 69 CR 180.

\* \* \* \* \* \*

"Counsel in this case is experienced with the problems inherent in a case involving controversial issues and defendants. From his association with Kunstler, he should also be aware of the irreparable damage wrought to our legal system and to the dispassionate rule of law which occurs when counsel and parties engage in a strategy designed to inflame public passion and prejudice. Such misconduct destroys one or both parties' right to trial in a calm and serene atmosphere which the Supreme Court directed trial judges to maintain in the *Sheppard* decision."

We hold that before a trial court can limit defendants' and their attorneys' exercise of first amendment rights of freedom of speech, the record must contain sufficient specific findings by the trial court establishing that defendants' and their attorneys' conduct is "a serious and imminent threat to the administration of justice." Craig v. Harney, 331 U.S. 367, 373, 67 S.Ct. 1249, 1253, 91 L.Ed. 1546 (1947). Applying either the standard that the speech must create a "clear and present danger," Wood v. Georgia, 370 U.S. 375, 82 S.Ct. 1364, 8 L.Ed.2d 569 (1962), of a serious and imminent threat to the administration of justice, or the lesser standard that there must be a "reasonable likelihood," United States v. Tijerina, 412 F.2d 661 (10th Cir. 1969), of a serious and imminent threat to the administration of justice, we hold that the trial court's order is constitutionally impermissible.

Directing ourselves to the basis of Judge Robson's order, we find that:

(1) The newspaper articles appended to the defendants' brief in support of a motion for a continuance which led the trial court to believe defendants sought publicity via contacting the press and press releases were seven months old when Judge Robson issued his order [1] and are insufficient support for the proposition that the defendants' future first amendment utterances, if any, would interfere with the fair administration of the trial.

(2) While we agree "[i]t is fundamental to our system of constitutional democracy that issues of law and fact in a criminal proceeding be resolved in the courts, and not in the news media nor in the streets," we believe equally fundamental to our system is the right of all citizens, even if they be criminal defendants to exercise their first amendment rights. In the absence of a clear showing that an exercise of those first amendment rights will interfere with the rights of the government and the defendants for a fair trial, we reject this prior restraint on first amendment freedoms.

(3) Any associations that one of the defendants' attorneys may have had or continues to have with another attorney not involved in this case is irrelevant and not in any way supportive of the trial court's order.

Judge Robson's order, whether approached on its individual bases or construed as a whole, is devoid of sufficient findings to satisfy either the "clear and present danger" or "reasonable likelihood" tests of a "serious and imminent threat to the administration of justice."

In addition, we find the order as written and as applied to the fifteen defendants and their three attorneys is unconstitutionally overbroad. Even in the presence of sufficient justification for curtailing certain first amendment utterances, an order must be drawn narrowly so as not to prohibit speech which will not have an effect on the fair administration of justice along with speech which will have such an effect. *See e. g.,*

---

1. The date of the last article contained in the appendix to defendants' motion for a continuance is July 17, 1969, and appeared in the Buffalo (New York) Couri- er Express, a newspaper out of the jurisdiction of the Northern District of Illinois.

Zwickler v. Koota, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967); *see also* United States v. Robel, 389 U.S. 258, 88 S.Ct. 419, 19 L.Ed.2d 508 (1967).

We are of the opinion that mandamus is an appropriate remedy for several reasons. The order of the district court imposes a prior restraint on protected first amendment conduct, Near v. Minnesota, 283 U.S. 697, 51 S.Ct. 625, 75 L.Ed. 1357 (1931), and is unrelated to the merits of the criminal trial and thus cannot be raised on appeal. Only immediate action on our part can adequately eliminate the threatened constraints of free speech imposed by the district court's order. Since there is likelihood that the order will have a chilling effect on speech, defendants should not be forced to assert the invalidity of the order as a defense in a contempt proceeding. Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965); NAACP v. Button, 371 U.S. 415, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963). Accordingly, we hold that the district court's order constitutes a clear abuse of discretion and is a proper subject for mandamus. Will v. United States, 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed. 2d 305 (1967); Schlagenhauf v. Holder, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964); Bankers Life & Cas. Co. v. Holland, 346 U.S. 379, 74 S.Ct. 145, 98 L.Ed. 106 (1953). Therefore, we need not decide at this time whether or not appeal is an appropriate remedy.

Wherefore, it is ordered that a writ of mandamus issue directing the Respondent, the Honorable Edwin A. Robson, to vacate his order of February 24, 1970, entitled "future Prejudicial Publicity," issued in the case of United States of America v. Frederick Joseph Chase et al., Number 69 CR 364.

### On Petition in No. 18417

This matter comes before the Court on a petition for writ of mandamus and prohibition, or in the alternative, as an appeal from an order of the United States District Court for the Northern District of Illinois, Eastern Division.

On consideration whereof, it is ordered and adjudged by this Court that this appeal from an order of the United States District Court for the Northern District of Illinois, Eastern Division, entered therein in 309 F.Supp. 430, be, and the same is hereby dismissed as moot, without prejudice, in view of this Court's order entered this date in case No. 18424 entitled Frederick Joseph Chase et al., Petitioners v. Honorable Edwin A. Robson, Judge, United States District Court for the Northern District of Illinois, Respondent.