**Raymond Joe BIRCH, Appellant,**

v.

**UNITED STATES of America, Appellee,**

**No. 711–70.**

United States Court of Appeals, Tenth Circuit.

Nov. 29, 1971.

---

William H. Sullivan, of Love & Sullivan, Incorporated, Oklahoma City, Okl., for appellant.

Jeff R. Laird, First Asst. U. S. Atty. (William R. Burkett, U. S. Atty., with him on the brief), for appellee.

Before LEWIS, Chief Judge, and HILL and DOYLE, Circuit Judges.

LEWIS, Chief Judge.

Birch was convicted of a violation of 18 U.S.C. § 752(a), aiding and assisting the escape of a federal prisoner confined after conviction. He presents as his principal appellate contention the assertion that his prosecution subjected him to the prohibition of double jeopardy or, in the alternative, was barred by the doctrine of collateral estoppel. The facts are not in dispute and the issue of law is thus reached without complications.

On March 9, 1970 Birch and one Lail were each incarcerated in the Grand County Jail at Chickasha, Oklahoma. Birch was then a state prisoner and Lail was in federal custody having been delivered to the jail under authority of a writ of habeas corpus ad prosequendum. While locked in his jail cell, Lail requested the jailer to bring him some candy bars. In attempting to do so the jailer was overpowered by Birch in the cell corridor, threatened with a bludgeon, and told to follow instructions to avoid being hurt. Birch took the jail keys, let Lail out of his cell, and subsequently, Birch and Lail, keeping the jailer with them and under their control, locked up several trustees, took all funds from the jail inmates' property envelopes, locked the jailer in a cell, and then completed their escape.

After capture, Birch was charged, tried, and convicted in state court of the crime of robbery by force and was sentenced to five years. This prosecution apparently stemmed from the taking of the prisoners' funds during the course of the escape and forms the premise for the claims of double jeopardy and collateral estoppel advanced as bars to the prosecution in the present case.

Pointing to the undisputed fact that he committed robbery during the course of the assistance to Lail in effectuating Lail's escape, Birch contends that multiple prosecutions for separate crimes cannot follow from a continuous chain of events where the testimony and evidence will be, in practicality, identical in the several cases. Reliance is placed on Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435; Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L. Ed.2d 707; and Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469. We consider the contention to be untena-

ble in this case and conclude that the cited cases give no comfort to the claim.

In *Benton* the Supreme Court firmly establishes that the application of the Fifth Amendment guarantee against double jeopardy is enforceable against the states through the Fourteenth Amendment but the case has no further application to the case at bar. In *Waller* the High Court held that a single sovereign, there the state, could not maintain two separate prosecutions for an offense and an included offense. Here, we have independent sovereigns prosecuting for entirely unrelated offenses, each offense being peculiar to the separate sovereign. In *Ashe* it was held that a single sovereign cannot prosecute for separate offenses occurring in a single event where the result of the first prosecution collaterally and undeniably established the innocence of the accused in the second charge. This, again, is not our case.

Although not claiming any of the cited cases is dispositive of the case at bar, appellate counsel expresses the belief, and hope, that the cases are anticipatory of a rule prohibiting all but a single prosecution when criminal conduct is continuous in nature and regardless of consideration of multiplicity of offenses and the different laws and rights of separate sovereigns. Sufficient it is to say we do not share counsel's anticipation nor his hope. The logic and fairness of the cited cases do not indicate that a premium benefit should be inherent in a criminal spree.

Birch also contends that prejudicial trial error was committed by admitting evidence of the robbery, such evidence being termed as outside the scope of the escape issue. We do not agree. The assault on the jailer was the very means of accomplishing the escape and the robbery was one aspect of the assault showing the complete control and assistance received in aid of the federal escape. Our holding in this regard should not, however, be interpreted as negativing the possibility that under different circumstances evidence of a crime committed during the course of an escape might be inadmissible when prejudice would be great and the crime might be better considered as an independent frolic.

Affirmed.