**UNITED STATES of America, Plaintiff,**

**v.**

**Stanley Howard GRAU, Defendant.**

**No. 72–CR–11.**

United States District Court, E. D. Wisconsin.

April 18, 1972.

David J. Cannon, U. S. Atty., by David Bukey, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Robert H. Friebert, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant in this action is charged under a six-count indictment with mailing threatening letters to certain persons with intent to extort money from them, in violation of 18 U.S.C. § 876. He has filed a motion which seeks the dismissal of the present action on the grounds of former jeopardy; a supplemental motion to dismiss also has been filed in which it is asserted "that the defendant believes that there is a policy of the Department of Justice . . . which prevents federal prosecutions after state prosecutions for the same criminal transaction unless there is prior approval from the U. S. Attorney General."

On January 11, 1972, the defendant pleaded guilty in a state court to a charge of arson under § 943.02(1)(a), Wis. Stats. (1969); a judgment of conviction was entered on the same day, and the defendant was placed on probation for eight years and ordered to make restitution. The defendant now argues that the "threats which form the basis of the federal indictment were alleged in the . . . [state] . . . complaint."

Mr. Grau also contends that Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), has seriously undermined the validity of the "separate sovereignties doctrine" and that the "traditional rationale for multiple criminal charges" (that "the different offenses require different facts") has vitality only before the first acquittal or conviction. Finally, the defendant asserts that the government's violation of its policy prohibiting double prosecutions without the prior approval of the Attorney General will result in a denial to him of due process and equal protection of the laws.

The United States Constitution's fifth amendment ban on double jeopardy "is not properly invoked to bar a second prosecution unless the 'same offense' is involved in both the first and second trials." United States v. Ewell, 383 U.S. 116, 124, 86 S.Ct. 773, 778, 15 L.Ed.2d 627 (1966). Offenses are not necessarily identical for purposes of double jeopardy merely because they stem from the same general course of criminal conduct. United States v. Chase, 309 F.Supp. 430, 433 (N.D.Ill. 1970), appeal dismissed 435 F.2d 1059 (7th Cir. 1970). In Hattaway v. United States, 399 F.2d 431, 432 (5th Cir. 1968), the court stated:

"For a double jeopardy claim to be viable, it must be shown that the two offenses charged are in law and in fact the same offense. . . .

"Offenses are not the same if, upon the trial of one, proof of an additional fact is required which is not necessary to be proved in the trial of the other."

See also Harris v. United States, 131 U. S.App.D.C. 64, 402 F.2d 205, 206 (1968); United States v. Bruni, 359 F.2d 807, 808 (7th Cir. 1966), cert. denied 385 U. S. 826, 87 S.Ct. 59, 17 L.Ed.2d 63 (1966); United States v. Kramer, 289 F.2d 909, 913 (2d Cir. 1961).

The offenses with which the defendant is charged in the present case are very different from the one for which he was convicted in the state court. It does not appear that at the trial of the instant action there will be the relitigation of decided facts. In the state court it was decided that the defendant had committed arson; the elements of arson and extortion differ markedly, each requiring proof which the other does not. The possibility that the arson and the alleged extortion may have been contemporaneous acts, that one may have been the outgrowth of the other, or that federal and state officials coordinated their investigations, does not, in my opin-

ion, justify the conclusion that the defendant is now charged with the "same offense."

 Even without finding that the defendant is not here charged with the "same offense," I believe that the "separate sovereignties doctrine" would compel the denial of the defendant's motion to dismiss. The doctrine holds that there is no constitutional prohibition to the prosecution of an individual by either the federal government or the state after the other jurisdiction previously had tried him for the same offense. See Note, 80 Harv.L.Rev. 1538, 1540 (1967). The approval accorded the doctrine by such earlier decisions of the United States Supreme Court as Moore v. People of State of Illinois, 55 U.S. (14 How.) 13, 14 L.Ed. 306 (1852), and United States v. Lanza, 260 U.S. 377, 43 S.Ct. 141, 67 L.Ed. 314 (1922), was affirmed in Bartkus v. Illinois, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959), and Abbate v. United States, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959).

Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), held that the fifth amendment guarantee against double jeopardy is enforceable against the states through the fourteenth amendment. However, I reject the defendant's argument that *Benton* has diminished the vitality of the "separate sovereignties doctrine." A similar argument was made in Birch v. United States, 451 F.2d 165 (10th Cir. 1971), where the court stated at page 166:

"[The appellant] contends that multiple prosecutions for separate crimes cannot follow from a continuous chain of events where the testimony and evidence will be in practicality, identical in the several cases. Reliance is placed on Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435; Benton v. Maryland . . . and Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469. We consider the contention to be untenable in this case and conclude that the cited cases give no comfort to the claim."

 The defendant's contention that a Justice Department policy exists that prohibits "federal prosecutions after state prosecutions for the same criminal transaction" unless with prior approval from the Attorney General finds support in such cases as Marakar v. United States, 370 U.S. 723, 82 S.Ct. 1573, 8 L.Ed.2d 803 (1962), Petite v. United States, 361 U.S. 529, 80 S.Ct. 450, 4 L.Ed.2d 490 (1960), and Orlando v. United States, 387 F.2d 348 (9th Cir. 1967). See also Hall, Kamisar, LaFave & Israel, Modern Criminal Procedure 1212 (3d Ed. 1969). In its brief, the government has not asserted what the Department's current policy is on this matter. However, since the defendant is not now charged with the "same offense", there was no need to obtain the approval of the Attorney General for the instant prosecution.

Therefore, it is ordered that the defendant's motions to dismiss be and hereby are denied.