**UNITED STATES of America ex rel. Frank Earl SENK**

v.

**J. R. BRIERLEY, Superintendent.**

**No. 1351.**

United States District Court, M. D. Pennsylvania.

June 8, 1973.

John A. Mihalik, Bloomsburg, Pa., for plaintiff.

Marc Kapustin, Deputy Atty. Gen., Harrisburg, Pa., for defendant.

MEMORANDUM AND ORDER

NEALON, District Judge.

Petitioner in the above matter has moved the Court for a preliminary ruling on the question of which party has the burden of proof and the burden of persuasion on petitioner's claim that his confession, in addition to being invol-

untary and coerced,[1] constituted the "fruits" of an illegal, warrantless arrest. An evidentiary hearing has been ordered to afford petitioner an opportunity to present additional evidence in support of his claim.[2] Townsend v. Sain, 372 U.S. 293, 312, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

■■ It has long been settled that the petitioner in a habeas corpus proceeding has the burden of establishing by a preponderance of the evidence the facts which support his claim for relief. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); Goins v. Brierley, 464 F.2d 947 (3d Cir. 1972). It is also well settled that once the petitioner established a *prima facie* case of illegality, the burden then shifts to the respondent to come forward with rebuttal evidence. However, petitioner argues that these traditional principles were modified somewhat by the 1966 amendments to the federal habeas corpus statute, 28 U.S.C. § 2254. These amendments were adopted in an attempt to create reasonable presumptions and to fix the party on whom the burden of proof, as to factual issues, shall rest." S.Rep.No.1797, 89th Congress, 2d Sess. 10 (1966) U.S.Code Cong. & Admin. News, p. 3671. They provide generally that factual determinations made by a state court are presumed to be correct unless the petitioner can show, or it shall otherwise appear, that the state proceeding was deficient in any one of eight enumerated respects.[3] 28 U.S.C.A. § 2254(d). If none of the eight situations are present, nor should such otherwise appear, § 2254(d) further provides that the "burden shall rest upon the applicant to establish by convincing evidence that the factual determination by the State court was erroneous." Of the eight situations negating the presumption of correctness, two are relevant here:

(1) that the merits of the factual dispute were not resolved in the State court hearing; and

1. As to the voluntariness issue, there is no dispute. Both parties agree that petitioner has the burden of establishing by "convincing evidence" that the state court's factual determination that Senk's confession was voluntary was erroneous. 28 U.S.C.A. § 2254(d).

2. The hearing was originally scheduled for February 26, 1973. However, pursuant to the request of both counsel, it has been continued to allow the parties additional time to prepare for the hearing.

3. "(d) In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear, or the respondent shall admit—
    (1) that the merits of the factual dispute were not resolved in the State court hearing;
    (2) that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing;
    (3) that the material facts were not adequately developed at the State court hearing;
    (4) that the State court lacked jurisdiction of the subject matter or over the person of the applicant in the State court proceeding;
    (5) that the applicant was an indigent and the State court, in deprivation of his constitutional right, failed to appoint counsel to represent him in the State court proceeding;
    (6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceeding; or
    (7) that the applicant was otherwise denied due process of law in the State court proceeding;
    (8) or unless that part of the record of the State court proceeding in which the determination of such factual issue was made, pertinent to a determination of the sufficiency of the evidence to support such factual determination, is produced as provided for hereinafter, and the Federal court on a consideration of such part of the record as a whole concludes that such factual determination is not fairly supported by the record:"

(2) that the material facts were not adequately developed at the State court hearing.

It is undisputed that the material facts of petitioner's claim that he was illegally arrested were not adequately developed or resolved at his State court hearings. The dispute does arise, however, as to what effect the presence of these factors has on the applicable burden and standard of proof.

Respondent argues that the presence of these factors here does not affect petitioner's ultimate burden of persuading the court by the applicable evidentiary standard that he is being unconstitutionally confined. Rather, respondent contends that it only affects the applicable standard of proof required. Instead of having to establish by "convincing" evidence the facts supporting petitioner's claim, as required if the statutory presumption of validity applied, respondent argues that where one of the factors is present, any presumption of correctness simply drops out of the case and the traditional standard rules as to burden and standard of proof apply. This would require petitioner to prove his claim by a preponderance of the evidence. *See* Developments in the Law, Federal Habeas Corpus, 83 Harv.L.Rev. 1038 (1970).

Petitioner, on the other hand, contends that the 1966 amendment to § 2254(d) has reversed the traditional standard of proof in situations where one of the criteria of 28 U.S.C.A. § 2254(d) appears. He argues that in instances where none of the factors in § 2254(d) are present, the petitioner must bear the burden of proof, but where one of the enumerated factors is present in the state court record, the burden of proof shifts to the respondent to establish that petitioner is not being unconstitutionally detained.

█ Although the issue would appear to be of great practical importance in habeas corpus proceedings, the court has been cited only one case dealing squarely with the issue.[4] In United States ex rel. Smith v. Yeager, 336 F.Supp. 1287 (D. N.J.); aff'd. per curiam 451 F.2d 165 (3d Cir. 1971), Judge Gibbons of our Third Circuit Court of Appeals, sitting by designation in the District of New Jersey, held that where the material facts surrounding the taking of a statement used as evidence against a habeas petitioner at his state trial were not adequately developed in the record, both the burden of going forward and the burden of persuasion would be on the respondent to prove its case by a preponderance of the evidence. This determination was a refinement of an earlier holding by Judge Barlow in the same case that because the material facts surrounding Smith's claim were not adequately developed in the state court record, respondent would have the burden of proving voluntariness. Accepting Judge Barlow's ruling as the law of the case, Judge Gibbons went on to hold that the standard of proof required by the respondent would be by a preponderance of the evidence, United States ex rel. Smith v. Yeager, 336 F.Supp. *supra* at 1303, 1304. However, in addition to noting that the factual findings set out in his opinion were made pursuant to the standard stated above, Judge Gibbons also observed that ". . . [s]ubstantially the same factual findings and certainly the same ultimate conclusion would be reached if the burden of persuasion rested on the petitioner." 336 F.Supp. at 1302. Judge Gibbons' granting of the writ was affirmed per curiam without comment on his determination as to the burden of proof issue. In light of Judge Gibbons' observation that the same ultimate conclusion would be reached regardless of who had the burden of persuasion, it is not clear whether the Court of Appeals, in affirming the granting of the writ, was also approving the district court's ruling

4. *See also* United States ex rel. Castro v. LaVallee, 282 F.Supp. 718 (S.D.N.Y. 1968) where the issue was discussed by the court but not reached and United States ex rel. Thurmond v. Mancusi, 275 F.Supp. 508 (E.D.N.Y.1965). (dicta). *Cf.* United States ex rel. Lasky v. LaVallee, 472 F.2d 960 (2d Cir. 1973).

**54**

as to the applicable burden and standard of proof. However, in the absence of any controlling authority to the contrary, I conclude that because of the deficiency of the state court record here on the issue of the validity of petitioner's arrest, the burden should be on the respondent to prove its legality by a preponderance of the evidence. This determination is not based so much upon a construction of the 1966 amendment to § 2254(d) [5] as upon basic considerations of fairness as applied to the circumstances of this particular case. It is difficult to imagine how petitioner could be expected to prove that the arresting officers lacked probable cause when they made the arrest. All available witnesses or evidence relative to this issue would appear to be within the exclusive control of the state. Under these circumstances, principles of fairness require that the burden of proof as to this issue be on the Commonwealth. It is so ordered.

5. *Cf.* Developments in the Law, Federal Habeas Corpus, *supra* at 1140–44 and United States ex rel. Gockley v. Myers, 450 F.2d 232, 241 n. 3 (3d Cir. 1971) (Adams, J., dissenting).