**UNITED STATES of America**

v.

**Ozzie Lee TURNER.**

**Cr. No. 83–144.**

United States District Court, District of Columbia.

Nov. 8, 1983.

Stanley S. Harris, U.S. Atty., and Charles J. Harkins, Jr., Asst. U.S. Atty., Washington, D.C., for U.S.

Richard S. Stern, Washington, D.C., for defendant.

CHARLES R. RICHEY, District Judge.

This matter is before the Court on defendant's Motion to Dismiss the Indictment and the government's opposition thereto. Defendant has been charged with mail fraud and false pretenses concerning allegedly false claims made to his insurance company. More specifically, the government alleges that the defendant filed a police report and insurance claim concerning items lost in an armed robbery and burglary that in fact had not occurred.

During the course of a search of the defendant's premises conducted pursuant to a search warrant, the police recovered a quantity of marijuana as well as several items the government alleges the defendant had reported stolen. Subsequently, the defendant entered a plea of guilty to the charge of narcotics possession in the Superior Court of the District of Columbia. He now claims that since "proof of [the marijuana] possession is no different than the proof that he possessed any other item in the apartment," continued prosecution of this case puts him in danger of double jeopardy. Because this Court finds that the crimes charged herein are not the same offenses to which the defendant entered a

guilty plea, defendant's motion must be denied.

■ The Double Jeopardy Clause of the Fifth Amendment provides that no "person [shall] be subject for the same offense to be twice put in jeopardy of life or limb". U.S. Const. amend. 5. It is clear that double jeopardy does not bar indictment, trial or conviction for different offenses. *United States v. Ewell,* 383 U.S. 116, 124–25, 86 S.Ct. 773, 778–79, 15 L.Ed.2d 627 (1966). To determine whether the defendant is in danger of being punished twice for the same offense, this Court must first determine whether Congress intended to punish separately each statutory violation under which the defendant has been charged. *Jeffers v. United States,* 432 U.S. 137, 155, 97 S.Ct. 2207, 2218, 53 L.Ed.2d 168 (1977); *Pandelli v. United States,* 635 F.2d 533, 536 (6th Cir.1980). To determine Congressional intent, it is necessary to examine the statutory language and the legislative history of the statutes involved. *See Whelan v. United States,* 445 U.S. 684, 689, 100 S.Ct. 1432, 1436, 63 L.Ed.2d 715 (1980). If this analysis cannot resolve the double jeopardy issue it will become necessary to determine whether each statute involved requires "proof of an additional fact which the other does not." *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932); *United States v. Lurz,* 666 F.2d 69, 76 (4th Cir.1981), *cert. denied,* 455 U.S. 1005, 102 S.Ct. 1642, 71 L.Ed.2d 874 (1982); *United States v. Sampol,* 636 F.2d 621, 651 (D.C.Cir.1980).

"The purpose of the Double Jeopardy Clause is to prevent trials and punishments that do not advance the deterrent and retributive purposes of the criminal justice system." *Pandelli,* 635 F.2d at 538. Where as in this case, the offenses are so clearly different and their separate punishment is mandated by the different interests protected by the corresponding criminal statutes, it is not necessary to reach the *Blockburger* analysis.[1]

---

1. The Supreme Court recognized in *Blockburger* that the analysis applies "where the same act or transaction constitutes a violation of two distinct statutory provisions." 284 U.S. at 304, 52 S.Ct. at 182. In this case, the mail fraud charges and the narcotic possession charges do not stem from the same actor transaction.

The defendant has been indicted on charges of mail fraud and false pretenses, in violation of 18 U.S.C. 1341 and D.C.Code 1981 § 22–1301 respectively. The manifest purpose of the mail fraud statute is to protect the post office from being used in the execution of frauds. *United States v. Bohonus*, 628 F.2d 1167, 1170 (9th Cir.1980). The District of Columbia false pretense statute protects against an individual obtaining any service or anything of value through false or fraudulent means. D.C.Code 1981 § 22–1301. This Court cannot conclude, as defendant appears to suggest, that these statutory provisions were not meant to be enforced against those individuals who have plead or been found guilty of possession of marijuana. In enacting D.C.Code 1981 § 33–502, which makes it unlawful for any person to possess narcotic drugs, Congress intended to ban the use of the chemical tetrahydrocannabinol contained in and extractable from the cannabis plant. *United States v. Johnson*, 333 A.2d 393, 394 (D.C.App.1975). There is simply no evidence from a review of the language of the statutes involved and their legislative histories that cumulative punishment is prohibited. In fact, the Court cannot find any direct relationship between those statutes dealing with fraudulent conduct and those dealing with possession of narcotic drugs.

This case is quite similar to the case of *Harris v. United States*, 402 F.2d 205 (D.C. Cir.1968). In that case, the appellant claimed that a prior conviction for disorderly conduct constituted a bar to his prosecution for charges of assaulting an officer. During the course of his arrest, the defendant had uttered several obscene phrases and a scuffle ensued between him and the arresting officer. The Court noted:

> Although some of the same evidence may have been an ingredient as to certain elements of each offense, it is abundantly clear that two separate statutes were violated by Appellant's separate acts. The prohibition of each statute

Each charge depends upon completely different reaches different interests and has different elements of proof.

\* \* \* \* \* \*

> ... the existence or showing of facts common to both charges and the introduction of some of the same evidence in the second prosecution does not mean that Appellant has been unconstitutionally tried for identical offenses.

*Id.* at 206. Similarly, the fact that in this case the government may introduce evidence to show that the defendant possessed the items reported stolen and that similar evidence of possession could have been used in a trial for possession of marijuana, is not enough to put the defendant in danger of double jeopardy. As the Court of Appeals for the District of Columbia Circuit recently noted in a double jeopardy opinion, "the court's application of Congress' intent ought not be led astray by the happenstance of what evidence comes before the court." *United States v. Bridges*, 717 F.2d 1444 at 1450 (D.C.Cir. 1983).

As such, defendant's Motion to Dismiss the Indictment on Double Jeopardy grounds must be denied. The Court will enter an order in accordance with the foregoing of even date herewith.