**Paul Santo ORLANDO, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 20249.**

United States Court of Appeals
Ninth Circuit.

May 22, 1967.

Rehearing Denied June 29, 1967.

**668**

Paul Santo Orlando, in pro. per.

Sidney I. Lezak, U. S. Atty., Michael L. Morehouse, Asst. U. S. Atty., Portland, Or., for appellee.

Before POPE, HAMLEY and DUNIWAY, Circuit Judges.

POPE, Circuit Judge.

On April 9, 1964, the appellant Orlando, together with one Parker and one Myers, were indicted for the crime of bank robbery under U.S.C. Title 18 § 2113(a), alleged to have been committed at Portland in the District of Oregon, on or about April 6, 1964. Orlando pleaded not guilty and the case was set down for trial as to him alone. The indictment was dismissed as to Myers and Parker who pleaded guilty to a charge of bank larceny under § 2113(b) Title 18.

In the trial in which Orlando was the sole defendant, the Government undertook to prove that the bank in question had been robbed by three men, two of whom entered the bank and a third man who drove the get-away car. The Government attempted to prove that Orlando was the person who drove the car away from the scene of the crime. At the trial, the Government's witness by whom it attempted to identify Orlando as one of the three persons in the get-away car, was not very positive in his testimony. The most that he was able to testify to was that Orlando was similar to the man he saw in that he was "olive-complected. But I can't say that was him for sure." Other evidence at that trial tended to connect Orlando with the crime. What this testimony was we will note hereafter but it was testimony which did not tend to show that Orlando was actually present at the time of the robbery, aiding and abetting.

After the conclusion of the testimony in that case the jury returned a verdict of not guilty. Parker and Myers then withdrew their guilty pleas above mentioned and each pleaded not guilty. Thereafter, and on September 18, 1964, a new indictment was filed against Parker, Myers and Orlando which, in the first count, charged Parker and Myers with the same bank robbery referred to in the prior indictment under Title 18 § 2113(a), and in the second count, charged the appellant Orlando with the crime of accessory after the fact in respect to the offense charged in count 1, in violation of § 3 Title 18 U.S.C. This count 2 alleged that Orlando "knowing that William Kenneth Parker and George Edward Myers had wilfully and feloniously committed a violation of Title 18, Section 2113(a), United States Code, as set forth

in Count 1 above, did give assistance and comfort to said William Kenneth Parker and George Edward Myers with intent thereby to prevent their apprehension and trial for such offense; in violation of Section 3, Title 18, United States Code."

The evidence at both trials, the one in which Orlando was acquitted, and the one which resulted in the judgment presently under appeal, disclosed that about an hour and a half after the robbery, an FBI agent discovered a station wagon parked in the driveway of Orlando's house which bore license plates which were identical to those on a station wagon which witnesses had observed standing near the bank at the time the robbery occurred. Another car, identified as belonging to Parker, was parked in front of Orlando's house. Its trunk was open and in it were observed a jacket and a hat similar to those worn by the men who robbed the bank. Orlando consented in writing to a search of his house and approximately $1600 was found hidden about the house in different locations. Among the bills that were found were eight $500 bills that were taken in the robbery and were bait bills in that they could be identified as a part of the currency taken in the robbery. During this search Parker and Myers were found hiding under the bed in an upstairs bedroom.

In this second trial in which Orlando was charged as an accessory after the fact, the Government made no effort to identify Orlando as the third man in the station wagon as it left the bank parking lot and there was no evidence tending to show that Orlando participated in the actual robbery.

It is apparent that at his first trial the Government was attempting to convict Orlando as a principal in the bank robbery, as it might have done had it been able to prove that Orlando was present, aiding and abetting. This it was evidently attempting to do under the provisions of § 2(a) Title 18 which provides as follows: "Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces, or procures its commission, is a principal." It seems probable that the verdict of not guilty resulted from the indefiniteness and insufficiency of the evidence offered by the Government at the first trial in an attempt to prove that Orlando was present, aiding and abetting in the commission of the offense.[1]

Under the new indictment, however, the Government undertook to charge Orlando merely as an accessory after the fact proceeding under Title 18 § 3, which reads in part as follows: "Whoever, knowing that an offense against the United States has been committed, receives, relieves, comforts or assists the offender in order to hinder or prevent his apprehension, trial or punishment, is an accessory after the fact."

What is required to establish a case under this section was recently expounded by this court in Hiram v. United States, 9 Cir., 354 F.2d 4, 6. In that case one Randolph Hiram, an uncle of Edmund Hiram, was indicted as an accessory after the fact to bank robbery committed by Edmund Hiram. This court said: "Under 18 U.S.C. § 3 the government is required to prove three essential elements to establish the offense charged in the indictment: First, that Edmund committed the bank robbery; second, that appellant had actual knowledge of Edmund's participation in that robbery; and third, that with such knowledge, appellant in some way assist-

[1]. After the first case had been submitted to the jury and during its deliberation, the jury sent a note to the court requesting an answer to its question as follows: "Does receiving stolen goods constitute guilt of the defendant or must we prove that the defendant was actually in the car at the time of the robbery as indicated by the defense?" The court's response to this question was in substance a repetition of the description of the elements of the crime charged as given in the original charge to the jury. The jury's question suggests that its verdict may have been based upon its disbelief that Orlando was in the car at the time of the robbery.

ed Edmund in order to hinder or prevent his apprehension, trial or punishment."

The appellant contends that the jury's verdict in the first indictment, where he was acquitted, was a determination favorable to the appellant and res adjudicata of the facts essential to his conviction under the present charge. Appellant also asserts that to try the appellant under the present indictment amounts to placing him in double jeopardy contrary to the provisions of the Fifth Amendment to the Constitution.

We think that neither point is well taken and that appellant was properly tried and convicted under the later indictment. It is plain that under these two separate indictments appellant was charged with two separate and distinct offenses. Under the first indictment the Government sought unsuccessfully to prove Orlando guilty of bank robbery as a principal on the theory that he was present, aiding and abetting. But that is an entirely different offense than that of which Orlando was found guilty, namely, the offense of being an accessory after the fact. As we indicated in Hiram v. United States, supra, appellant's presence or actual participation in the commission of bank robbery need not be proven to establish the commission of the offense of accessory after the fact. All that need be proven was that he had actual knowledge of the commission of the offense and that he in some way assisted those who committed the bank robbery in order to hinder or prevent their apprehension, trial or punishment. Under these circumstances the Government's unsuccessful effort to prove appellant guilty of bank robbery as a principal in no manner barred the Government from bringing the charge against him that it did and of proving his guilt of the offense of accessory after the fact.

The verdict and judgment in the first trial of Orlando was in no sense an adjudication that the bank robbery did not occur or that Parker and Myers did not rob the bank. While concededly

the doctrine of res judicata may apply in criminal cases there is no prior adjudication involved here which would exonerate Orlando in the case now before us; and since the two offenses charged were not the same, no problem of double jeopardy arises here. See Barnett v. Gladden, 9 Cir., 375 F.2d 235 (March 24, 1967), and cases there cited.

The judgment is affirmed.