Paul Santo ORLANDO, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 20249.

United States Court of Appeals
Ninth Circuit.

Nov. 28, 1967.

Paul Santo Orlando, pro. per.

Sidney I. Lezak, U. S. Atty, Michael L. Morehouse, Asst. U. S. Atty., Portland, Or., for appellee.

Before POPE, HAMLEY, and DUNIWAY, Circuit Judges.

DUNIWAY, Circuit Judge:

Our decision in this case affirming the judgment of conviction became final on June 29, 1967 (Orlando v. United States, 9 Cir., 377 F.2d 667). Orlando desired to petition the Supreme Court for a writ of certiorari and we therefore stayed the issuance of our mandate. On August 4, 1967 the government filed a motion in which it requested that we vacate the judgment of conviction and remand the cause to the District Court with directions to dismiss the indictment. On September 9, 1967, presumably in reliance upon the government's motion, Orlando abandoned his petition for certiorari. The government's motion is accompanied by a letter to the United States Attorney from the Attorney Gen-

eral in which it is stated that the institution of the prosecution of Orlando which resulted in his conviction is contrary to the policy of the department, which is that several offenses arising out of a single transaction should be alleged and tried together, and should not be made the basis of multiple prosecutions. This policy was the basis of comparable motions which were granted by the Supreme Court in Petite v. United States, 1960, 361 U.S. 529, 80 S.Ct. 450, 4 L.Ed.2d 490, and in Marakar v. United States, 1962, 370 U.S. 723, 82 S.Ct. 1573, 8 L.Ed.2d 803. We agree with the government that this is also an appropriate case in which to take similar action. It is therefore

Ordered that the judgment of this court in this case and the judgment of conviction are vacated and that the case is remanded to the District Court with directions to dismiss the indictment.

POPE, Circuit Judge (dissenting):

I think it is no part of our function to take orders from the Department of Justice in respect to the latter's policies. As stated in Cornet et al. v. United States, No. 20,386, in an order filed by Judges Chambers, Hamlin and Koelsch, November 16, 1966, "There comes a time in the processes of the enforcement of the law when a case belongs to the court. No error of the trial court is suggested by the government, but only a change in its prosecution policies." The Government's motion to vacate the judgment of conviction was denied and properly, I think.

This case is not the same as Petite v. United States, 361 U.S. 529, 80 S.Ct. 450, 4 L.Ed.2d 490. In that case, Petite was prosecuted and convicted in the same case and under the same indictment which was brought against the others there mentioned. That is because under the facts of that case Petite was a principal within the meaning of Title 18 § 2. A separate indictment of Petite for another related offense was dismissed. As noted in the opinion in our case, Orlando was not a principal and was mistakenly attempted to be treated as a principal, but

he was in fact and proven to be an accessory after the fact within the meaning of Title 18 § 3. Of this offense he was clearly guilty and properly convicted and deserves punishment.

I refuse to participate in this present attempt to allow a guilty man to go free by giving my consent to the proposed motion.