**UNITED STATES of America**

v.

**BETTINGER CORPORATION, Edward L. Baumann, President.**

**Crim. No. 71–222.**

United States District Court,
D. Massachusetts.

Dec. 17, 1971.

Asst. U. S. Atty. Frederic R. Kellogg, for the Government.

Gael Mahony, Hill & Barlow, Boston, Mass., for defendant.

*Memorandum and Order*

CAFFREY, District Judge.

This matter came before the court on the Government's motion to dismiss Counts I through V as against the individual defendant Edward L. Baumann. The grounds for dismissal are not contained in the motion but are recited in a four-page memorandum filed in support of the motion.

This motion presumably is filed pursuant to the provisions of Rule 48(a), Federal Rules of Criminal Procedure, which rule requires leave of court prior to dismissal instigated by the United States Attorney. It is significant to

note that Professor Moore observes with reference to Rule 48(a):

"Rule 48(a) provides no criteria, not even the most general, for the exercise of judicial discretion in ruling on a motion to dismiss. Nor does the Rule require the prosecutor to state his reasons for seeking a dismissal, though it is difficult to understand how a court can rule on the application without such a statement." Moore's Federal Practice, Second Ed., Vol. 8A, sec. 48.02[2].

There are a limited number of decisions on the subject. In United States v. Greater Blouse, Skirt & Neckwear Contractors Ass'n, 228 F.Supp. 483 at 486 (S.D.N.Y.1964), Judge Weinfeld stated:

". . . to gain the Court's favorable discretion, it should be satisfied that the reasons advanced for the proposed dismissal are substantial and the real grounds upon which the application is based. Such applications should be granted where it appears

(1) that the Government is without sufficient evidence to warrant prosecution and sustain a conviction, and

(2) the dismissal is not for the purpose of subjecting a defendant to harassment by the commencement of another prosecution . . .."

A similar ruling was made in United States v. Doe, 101 F.Supp. 609 at 611 (D.Conn.1951), where the Court ruled:

". . . at least in the absence of very exceptional circumstances as for instance where the defendant has received a substantial sentence for another phase of the same offense, the court may not properly approve a dismissal of the entire case against any given defendant unless satisfied that the government lacks sufficient evidence to warrant a prosecution. Especially is this so where the matter is before the court on indictment as distinguished from information."

That a District Court in passing on a motion by the Government to dismiss is not a mere rubber stamp and must exercise independent discretion appears from the opinion of Judge Weinfeld in United States v. Greater Blouse, Skirt & Neckwear Contractors Ass'n, *supra*, as well as from the opinion of Chief Judge Hincks in United States v. Doe, *supra*. Accord United States v. Shanahan, 168 F.Supp. 225 (D.Ind.1959).

Finally, it should be noted that Professor Moore has indicated, in sec. 48.02[2], that in addition to insufficiency of proof the other possible grounds for dismissing a prosecution are (1) death of defendant, (2) incurable insanity or incompetency, (3) serious and incurable physical disease or disability, (4) defendant a fugitive, (5) protection of government security against possible trial disclosures, and, lastly, a superseding indictment.

The memorandum filed by the Government herein does not allege any insufficiency of evidence against the defendant Baumann, nor does it allege any of the other grounds enumerated by Professor Moore.

While the considerations as to compliance with ecology laws by the defendant corporation under the direction of its President, Baumann, subsequent to the return of an indictment by a grand jury, may well be factors which this Court should consider if requested to take a nolo plea or on the question of disposition of the case, none of them are proper grounds on the basis of all available law and authority for dismissal of this case against Mr. Baumann. Accordingly, it is

Ordered:

The motion to dismiss is denied.