**UNITED STATES of America**
**Plaintiff,**

v.

**Issac WASHINGTON et al.,**
**Defendants.**

**No. 73-696-CR-JLK.**

United States District Court,
S. D. Florida,
Miami Division.

Feb. 28, 1975.

Robert W. Rust, U. S. Atty., Dougald D. McMillan, U. S. Dept. of Justice, Miami, Fla., for plaintiff.

James J. Hogan, Miami Beach, Fla., Melvyn Kessler, Arthur Tifford, Miami, Fla., for defendants.

## ORDER DENYING MOTION FOR DISMISSAL

JAMES LAWRENCE KING, District Judge.

This cause came on for consideration upon the motion of the United States to dismiss the indictment of defendants Sole, Rinaldi and Washington pursuant to F.R.Cr.P. 48(a). The court, having considered the record and being fully advised in the premises, finds and concludes that the motion should be denied.

This case was remanded by the Fifth Circuit Court of Appeals upon the Department of Justice' representation that the Department had failed to comply with its own internal guidelines for initiating a federal prosecution following a state prosecution predicated on the same facts. Although the Department sought the remand "in order to dismiss the indictment as to those defendants [Sole, Rinaldi and Washington]," the order entered by the Fifth Circuit did not direct this court to dismiss the indictment. Since Rule 48(a) allows a dismissal only "by leave of court," the issue is whether the indictment against these three defendants *ought* to be dismissed.

The policy on which the government bases its motion for dismissal was set forth in a press release issued by then Attorney General William P. Rogers on

April 6, 1959. The policy can be summarized by quoting the following language in the press release:

> [N]o federal case should be tried when there has already been a state prosecution for substantially the same act or acts without a United States Attorney first submitting a recommendation to the appropriate Assistant Attorney General in the Department. No such recommendation should be approved by the Assistant Attorney General in charge of the Division without having it first brought to my attention.

At the hearing on the motion to dismiss the indictments, the government reported that the policy statement is not contained in either the United States Code or in the Federal Register, but rather is found in the United States Attorney's Manual. The Manual is only available to government attorneys, and the court and defense counsel do not have access to its contents. The government also stated at the hearing that at no time during the first trial, which ended in a mistrial, or during the second trial, which resulted in the conviction of these defendants, was the policy, or its violation, ever brought to the court's attention. In fact, the court specifically inquired of the special trial attorney sent to Miami from Washington by the Department of Justice to try this case, why the government was insisting on a federal trial of these defendants. Government's trial counsel advised the court that the Department of Justice was adamant in their decision that the federal trial proceed because there was grave concern that the state convictions would be reversed on appeal. The Department of Justice trial attorney, at a special conference called for the purpose of discussing the offer of at least one defendant to plead guilty, stated that the Department's position was that it could not agree to any plea involving concurrent confinement, and he had been instructed to proceed with the trial. Under those circumstances, it is clear the Department of Justice was completely aware of the proceedings in the Southern District of Florida.

Only a few cases have addressed the peculiar problem presented when the government seeks a dismissal of an indictment *after* a conviction has been obtained. Unhappily, the appellate decisions which deal with this issue involve factors which weaken their precedental value in the factual situation presented by this case. In a per curiam order by the Supreme Court of the United States, the two lower tribunals were directed to vacate their judgments and to dismiss the indictment. Petite v. United States, 361 U.S. 529, 80 S.Ct. 450, 4 L.Ed.2d 490 (1960). Although the unsigned opinion of the Court expressly disclaimed any intimation on the merits of a double jeopardy issue, a concurring opinion in which three justices joined left no doubt that the case involved a serious double jeopardy question. Id. at 533, 80 S.Ct. at 452. An unusual factor was also evidenced in another appellate decision on the subject, Orlando v. United States, 387 F.2d 348 (9th Cir. 1967). There the majority noted that the defendant had abandoned his petition for certiorari from the Ninth Circuit's affirmance of his conviction in reliance on the government's motion for a dismissal. Although two members of the panel agreed with the United States that the case ought to be dismissed, Judge Pope sharply dissented from that conclusion.

> I think it is no part of our function to take orders from the Department of Justice in respect to the latter's policies. . . . "There comes a time in the processes of the enforcement of the law when a case belongs to the court. No error of the trial court is suggested by the government, but only a change in its prosecution policies."

*Id.* at 349.

■ The third and final appellate decision which touches on the issue now before the court is United States v. Ammidown, 497 F.2d 615 (D.C.Cir. 1973). The court of appeals held that the district court ought not merely rubber

stamp the prosecutor's decision, but should satisfy itself that the public interest is adequately protected. The circuit court also said that the district judge must refrain from substituting his concept of the public interest for that of the prosecutor. It is significant that the *Ammidown* decision concerned a pre-trial prosecutorial decision, and at that point in the criminal justice system the discretion vested in the prosecutor is virtually absolute. *See, e. g.,* United States v. Greater Blouse, Skirt & Neckwear Contractors Association, 228 F. Supp. 483 (S.D.N.Y.1964). Because judicial scrutiny of a post-trial dismissal motion presents far less of an intrusion into the prerogatives of a prosecutor, it follows that a court may exercise a greater degree of discretion in such a case.

There is, unfortunately, a paucity of precedent on the criteria which should be considered when the Department of Justice seeks to nullify the criminal justice procedure after it has gone beyond a guilty verdict, judgment of conviction, and imposition of sentence. One district court attempted to catalog the relevant factors, United States v. Bettinger Corp., 54 F.R.D. 40 (D.Mass.1971), but the only factor that is even arguably applicable in this case was suggested rather obliquely in an earlier district court opinion. In United States v. Doe, 101 F.Supp. 609 (D.Conn.1951), the district judge opined that a dismissal should be sanctioned only where the court satisfied itself that the government lacked sufficient evidence to warrant a prosecution, "at least in the absence of very exceptional circumstances as for instance where the defendant has received a substantial sentence for another phase of the same offense . . . ." *Id.* at 611. In support of its position that it is not in the best interests of the United States to maintain this proceeding, the Department of Justice mentions the sentences imposed by the State of Florida. While the state sentences cannot be labeled insubstantial, it is instructive to compare those sentences with the ones meted out for the federal convictions. All the federal sentences were to run concurrently with Florida's and defendant Washington's sentences were coterminous ones of five years. Sole received ten years for the state conviction, and twelve years for the federal. The Florida court gave Rinaldi a six-year term, but he was sentenced to twelve years in prison by this court. The severity of the sentences is indicative of the court's perception of the gravity of the offenses and the necessity for commensurate sanctions.

Although the government in its most recent memorandum intimates that it is satisfied with the sentences imposed by the State of Florida, the state trials, including the imposition of sentence, had ended before the defendants were subjected to the federal trials. Moreover, the government's reference to the affirmance of the state convictions does not take into account the fear, expressed during these trials, that the state convictions might be overturned. At the time of this writing, the Supreme Court of Florida had not disposed of the petitions for review. By contrast, there has been no suggestion, as in Petite v. United States, *supra,* that the record is tainted by reversible error. In fact, the Fifth Circuit's opinion affirming the conviction of the fourth defendant in this case ended with the following statement: "A review of the record reveals no errors of law." United States v. Pearson, 508 F.2d 595 (5th Cir. 1975). Of course, these defendants may bring any assignments of error before the circuit court, and ultimately to the attention of the Supreme Court. *Compare* Orlando v. United States, *supra.*

For the above reasons, and after full hearing and careful consideration of the entire record, it is

Ordered and adjudged that the motion of the United States to dismiss the indictments of Sole, Rinaldi and Washington be and the same is hereby denied.